UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STAPLES THE OFFICE SUPERSTORE, LLC, et al,<br><br>　　　　　　　　　Defendants. | CASE NO. 11-CV-2025-W-BLM<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [DOC. 69].** |

Pending before the Court is Plaintiff's motion to strike Defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f). (*Pl.'s Mot.* [Doc. 69].) Defendants oppose. (*Defs.' Opp'n* [Doc. 10].) The Court decides the matter on the papers submitted and without oral argument. See CIV. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's motion to strike, and **GRANTS** Defendants leave to amend selected affirmative defenses.

I. BACKGROUND

On September 1, 2011, Plaintiff Chris Kohler initiated this action against Staples the Office Superstore, LLC and other defendants. (*Compl.* [Doc. 1].) Kohler, who is

- 1 -                                                                 11cv2025w

paraplegic and uses a wheelchair, alleges that he encountered several "physical and intangible" barriers to his use and enjoyment of the restroom at a Staples store in San Diego, California. (*Compl.* at 7-9.)[1]

In his complaint, Kohler asserts five causes of action under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12101, *et seq.*: (1) denial of full and equal enjoyment and use of the restaurant, § 12182(a); (2) failure to remove architectural barriers in an existing facility, § 12182(b)(2)(A)(iv); (3) failure to design and construct an accessible facility, § 12183(a)(1); (4) failure to make an altered facility accessible, § 12183(a)(2); and (5) failure to modify existing policies and procedures, § 12182(b)(2)(A)(ii). (*Id.* at 27-29.) Kohler seeks all relief available under the ADA, including injunctive relief and attorney's fees and costs. (*Compl.* at 29.) In addition, he also asserts derivative state claims under California's Disabled Persons Act, California Civil Code §§ 54, *et seq.*, the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and relevant sections of California's Health & Safety Code. (*Id.* at 29-32.)

Staples answered Kohler's complaint, denying all factual allegations and raising twenty affirmative defenses. (*Answer* [Doc. 33].) Kohler then filed the present motion to strike all of Staples' affirmative defenses or, in the alternative, to require Staples to re-plead any insufficient affirmative defenses under the *Twombly*[2] standard. (*See Pl's Mot.*) Staples opposed Kohler's motion, arguing that the *Twombly* standard does not apply to affirmative defenses and, in the alternative, requesting leave to amend any insufficient affirmative defenses. (*Defs. Opp'n* [Doc. 70].)

//
//
//

---

[1] All references in this document are to page numbers.
[2] Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007).

## II. LEGAL STANDARDS

### A. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). At the same time, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff *fair notice* of the defense." Wyshack, 607 F.2d at 827 (citing Conley v. Gibson, 355 U.S. 41 (1957)) (emphasis added); Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010); Schutte & Koerting, Inc. v. Swett & Crawford, 298 Fed. Appx. 613, 615 (9th Cir. 2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. See Conley, 355 U.S. at 47. It does not, however, require a detailed statement of facts. Id. at 47-48. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." McArdle v. AT&T Mobility, LLC, 657 F. Supp. 1140, 1149-50 (N.D. Cal. 2009).

//
//
//

### B.     Pleading for Affirmative Defenses

Before addressing the merits of Kohler's motion against each of Staples' affirmative defenses, the Court must resolve a preliminary issue raised by the parties. The question is whether the Court should extend the Supreme Court's holdings in Bell Atlantic Corporation v. Twombly and Ashcroft v. Iqbal to evaluate the pleading sufficiency of Staples' affirmative defenses. See 556 U.S. 662, 129 S. Ct. 1937 (2009); 550 U.S. 544 (2007).

As discussed above, the Ninth Circuit has directed courts to evaluate the pleading sufficiency of affirmative defenses under the "fair notice" standard. Wyshack, 607 F.2d at 827. In his motion, Kohler contends that all twenty-one of Staples' affirmative defenses are pled insufficiently. (*Pl.'s Mot.* 2.) In addition to arguing that Staples' defenses fail to provide fair notice, Kohler also suggests that the pleading standards established by the Supreme Court in Twombly and Iqbal apply. (*See Id.* at 3.) Although the Ninth Circuit has not yet adopted the *Twombly/Iqbal* pleading standard for affirmative defenses, Kohler cites to several district courts that have done so.[3] (*Id.* at 3.) In response, Staples relies on several other district courts, including one within this district, that has declined to extend Twombly and Iqbal to affirmative defenses.[4] (*Defs.' Opp'n* 9.) Based on the cases both parties cited, it is clear that this point of law is unresolved. See Barnes, 718 F. Supp. 2d at 1171 ("[N]either the Ninth Circuit or

---

[3] See Dion v. Fulton Friedman & Gullace LLP, 2012 WL 160221, at *2-3 (N.D. Cal. 2012) (explaining that a majority of district courts have extended Twombly and Iqbal to affirmative defense pleading); Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171-73 (N.D. Cal. 2010); Anticancer Inc. v. Xenogen Corp, 248 F.R.D. 278, 282 (S.D. Cal. 2007).

[4] See J&J Sports Prods., Inc. v. Scace, 2011 WL 2132723, at *1 (S.D. Cal. 2011); see also Joe Hand Promotions, Inc. v. Estradda, 2011 WL 2413257, at *5 (E.D. Cal. 2011); Holdbrook v. SAIA Motor Freight Line, LLC, 2010 WL 865380, at *2 (D. Colo. 2010); Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 537 n.5 (S.D. Ala. 2007). Additionally, this Court recently declined to extend the *Twombly/Iqbal* standard to affirmative defenses. See Kohler v. Islands Restaurants, LP, 280 F.R.D. 560 (S.D. Cal. 2012).

any other Circuit Courts of Appeals have extended Twombly's heightened pleading standard to affirmative defenses.").[5]

Absent further direction, this Court declines to extend the *Twombly/Iqbal* pleading standards to affirmative defenses. Several considerations inform this conclusion. Most significantly, the Ninth Circuit has continued to recognize the "fair notice" standard of affirmative defense pleading even after Twombly and Iqbal. See Simmons, 609 F.3d at 1023; Schutte & Koerting, 298 Fed. Appx. at 615.

Moreover, the Supreme Court's analysis in Twombly and Iqbal is itself limited to pleadings under Federal Rule of Civil Procedure 8(a)(2). 129 U.S. at 1950; 550 U.S. at 555. Rule 8(a)(2) requires that the party stating a *claim* for relief provide "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 8(c), on the other hand, only requires a responding party to "*affirmatively state*" its affirmative defenses. Fed. R. Civ. P. 8(c) (emphasis added). The Supreme Court's discussion in Iqbal suggests that this distinction is important. See 129 S. Ct. At 1950. Factual plausibility—which is the key difference between *Twombly/Iqbal* pleading and "fair notice" pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party "show[ ]" that it is entitled to relief. Id. ("But where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Stating an affirmative defense under Rule 8(c), however, does not require the

---

[5] Kohler contends that the Tenth Circuit has decided this issue in favor of applying Twombly and Iqbal to affirmative defenses. (*Pl.'s Mot.* 3.) Kohler's reliance on Robbins v. Oklahoma, however, is misplaced. (*See id.*) (citing 519 F.3d 1242, 1248 (10th Cir. 2008).) In Robbins, the Tenth Circuit applied Twombly and Iqbal to qualified immunity pleadings. 519 F.3d at 1246-48. But, the same court also identified the qualified immunity pleadings as part of the complaint, not as an affirmative defense. Id. at 1249 ("[P]laintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established.").

pleader to "show" entitlement to its defense.[6] See Fed. R. Civ. P. 8(c). Applying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in Twombly that legislative action, not "judicial interpretation," is necessary to "broaden the scope" of specific federal pleading standards. See 550 U.S. at 569 n. 14.

Finally, the Court is persuaded by the District of Colorado's recognized distinction between the time plaintiff has to compose a complaint versus the time a defendant has to answer it. See Holdbrook, 2010 WL 865380, at *2. As the court explained, "it is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given [21] days to respond to a complaint and assert its affirmative defenses." Id.; see Fed. R. Civ. P. 12(a).

For these reasons, the Court will review the sufficiency of Staples' affirmative defenses under the "fair notice" pleading standard.

### III. DISCUSSION

   A.   *First Affirmative Defense - Failure to State a Claim*

In its first affirmative defense, Staples alleges that Kohler "fails to state a claim upon which relief can be granted," and "lacks standing to pursue his alleged claims." (*Answer* 13-14.) The Court agrees with Kohler that these simple identifications of Staples' defenses are insufficient to provide "fair notice." See Wyshak, 607 F.2d at 827. Although Staples' pleading need not be supported by detailed factual allegations, it must at least give notice of the "grounds upon which it rests." Conley, 355 U.S. at 47. Therefore, the Court **STRIKES** Staples' first affirmative defense **WITH LEAVE TO AMEND**.

---

[6] Nor does pleading of non-affirmative defenses under Rule 8(b)(1) require any type of "showing." See Fed. R. Civ. P. 8(b)(1). Rule 8(b)(1) only requires the responding party to "state in short and plain terms its defenses to each claim asserted against it." Id.

B.     *Second Affirmative Defense - Failure to Mitigate*

In its second affirmative defense, Staples contends that Kohler is precluded from recovery "to the extent that he failed to mitigate his alleged damages." (*Answer* 14.) Kohler contends that this defense is "legally irrelevant" because he seeks only statutory minimum damages, which cannot be mitigated. (*Pl.'s Mot.* 6.)  However, Kohler's complaint can be read to seek more than just minimum statutory damages. "For each offense of the Disabled Persons Act, Kohler seeks *actual damages* (both general and special damages, statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3." (*Compl.* 30) (emphasis added.)  Section 54.3 permits an aggrieved party to seek "up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars." Cal. Civ. Code § 54.3(a).  Kohler's request for actual damages *and* statutory minimum damages could be read to mean that he seeks actual damages to the extent that they exceed statutory minimum damages.  Without some affirmative admission on Kohler's part that his actual damages do not exceed the statutory minimum, the Court cannot say that Staples' failure-to-mitigate defense is impertinent or legally irrelevant.

On the other hand, Staples' answer gives no notice to Kohler of the basis of his alleged failure to mitigate.  For that reason, the Court **STRIKES** Staples' second affirmative defense **WITH LEAVE TO AMEND**.

C.     *Third Affirmative Defense - Statute of Limitations*

In its third affirmative defense, Staples contends that Kohler's claims are "barred by the applicable statute of limitations." (*Answer* 14.)  Again, the Court agrees with Kohler that this statement alone is insufficient to provide fair notice. In Wyshak, the Ninth Circuit was confronted with a nearly identical pleading.  607 F.2d at 827 ("[P]laintiff's claims are barred by the applicable statute of limitations."). In Wyshack, however, the court held that fair notice was provided because an

attached memorandum identified the actual statute upon which the defense rested. Id. Here, Staples makes no mention of the applicable statute in its answer, and has attached no supplemental briefing on that point. (*See Answer* 14.) Accordingly, the Court **STRIKES** Staples' third affirmative defense **WITH LEAVE TO AMEND**.

### D. *Fourth and Eighteenth Affirmative Defense - Comparative Negligence & Third-Party Responsibility*

In its fourth and eighteenth affirmative defenses, Staples contends that the plaintiff or a third party is responsible for any violations and damages. (*Answer* 14, 16). The Court finds that these affirmative defenses fail as a matter of law, because "[t]he ADA is clear that a public accommodation is responsible for its own violations of the ADA, and that such violations cannot be contracted away." Kohler v. Bed Bath & Beyond, 2012 WL 424377 at *3 (C.D. Cal. 2012) (quoting United States v. AMC Entm't, Inc., 232 F. Supp. 2d 1092, 1118, *rev'd on other grounds by* 549 F.3d 760 (9th Cir. 2008)); Kohler v. Big 5 Corp., 2012 WL 1511748 at *3 (C.D. Cal. 2012) (striking affirmative defense of contributory negligence as legally insufficient). Accordingly, the Court **STRIKES** Staples' fourth and eighteenth affirmative defenses **WITHOUT LEAVE TO AMEND**.

### E. *Fifth, Seventh, and Eighth Affirmative Defenses - Doctrines of Waiver, Estoppel, & Laches*

In its fifth, seventh, and eighth affirmative defenses, Staples argues that Kohler's claims are barred by the doctrines of waiver, estoppel, and laches. Though these doctrines may be legally plausible, the Court agrees with Kohler that these statements are insufficient to provide fair notice. Staples provides no basis for these claims in his answer, and "a reference to a doctrine . . . is insufficient notice." Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). Staples does not dispute this contention in its opposition. Accordingly, the Court

**STRIKES** Staples' fifth, seventh, and eighth affirmative defenses **WITH LEAVE TO AMEND**.

F. *Sixth Affirmative Defense - Unclean Hands*

In its sixth affirmative defense, Staples alleges that "Plaintiff's claims are barred to the extent he had unclean hands." (*Answer* 18.) Kohler argues that, in addition to being an improper defense against ADA claims, Staples also fails to plead its defense with particularity under Federal Rule of Civil Procedure Rule 9(b). (*Pl.'s Mot.* at 8-9.) Kohler relies on McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360 (1995), and Doe v. Deer Mountain Day Camp, Inc., 682 F. Supp. 2d 324, 338 (S.D.N.Y. 2010), to support his assertion that "unclean hands" is not a defense to ADA claims. (*Id.* at 17.) Reliance on these cases is, however, misplaced.

The Supreme Court in McKennon proffered no opinion about whether unclean hands survives as a defense against ADA claims. See 513 U.S. at 360-61. The Court merely recognized that the defense of unclean hands—or after-acquired evidence in the employment context—is inappropriate to consider against the equitable relief provided by Congress "to serve important national policies." Id. at 360. In fact, the Court recognized that unclean hands may still be applicable to non-equitable forms of relief, which Kohler also seeks in this matter. Id. at 361; (*Compl.* 8-9, 11.)

Moreover, in Deer Mountain, the district court noted that "there is some doubt as to the applicability of unclean hands to ADA actions." 682 F. Supp. 2d at 338 n.31 (citing McKennon). But the court did not conclude that unclean hands is *per se* barred from ADA actions; rather, it held that the facts of the record before it did not support the defense. Id. Without more explicit guidance from the Ninth Circuit or Supreme Court, this Court will not conclude that unclean hands is inapplicable to all ADA claims. Furthermore, even if this Court did come to that conclusion, it would not bar the defense to Kohler's California claims.

Nor must Staples plead unclean hands with particularity under Rule 9(b). Rule 9(b) only requires particularity when pleading fraud or mistake. Fed. R. Civ. P. 9(b). While allegations of fraud may provide the factual underpinning for certain unclean hands defenses, there is no apparent allegation of fraud in this matter.

On the other hand, Staples unclean-hands defense, like all others, must still provide fair notice to Kohler of the grounds upon which it rests. Here, Staples' answer provides no basis for an assertion of unclean hands, and therefore the Court **STRIKES** Staples' sixth affirmative defense **WITH LEAVE TO AMEND**.

### G. *Ninth Affirmative Defense - Failure to Exhaust Administrative Remedies or Satisfy Other Prerequisites for Cause of Action*

In its ninth affirmative defense, Staples argues that Kohler's claims are barred "to the extent he has failed to satisfy jurisdictional and/or statutory prerequisites for his causes of action, and/or exhaust the appropriate administrative remedies." (*Answer 14.*) Kohler argues that this defense is "legally irrelevant" because there is no ADA administrative notice requirement for private entities. (*Pl.'s Mot. 11.*) However, Staples seems to be alleging more than a failure to exhaust the appropriate administrative remedies because it alludes to other unmet prerequisites. In either event, Staples fails to provide fair notice of its defense because its answer provides no indication what the allegedly unmet prerequisites might be. Consequently, the Court **STRIKES** Staples' ninth affirmative defense **WITH LEAVE TO AMEND**.

### H. *Eleventh & Twelfth Affirmative Defenses - Defendant in Compliance with Law, Property is Readily Accessible, & Plaintiff Encountered No Barrier*

In its eleventh and twelfth affirmative defenses, Staples contends that it is compliant with the law, its property is readily accessible to disabled customers, and Kohler encountered no barriers to access within its store. (*Answer 15.*) Kohler

argues that this is not an affirmative defense but rather a denial of Kohler's complaint. (*Pl.'s Mot. 11.*)  Technically, Kohler is correct.  Affirmative defenses are allegations unrelated to the plaintiff's *prima facie* case that deny the plaintiff's right to relief, even if all allegations in the complaint are true.  Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  But simple mislabeling on Staples' part is not grounds for striking or granting partial summary judgment on its defenses.  Negative defenses may also be raised in Staples' answer.  See Fed. R. Civ. P. 8(b).  In fact, Rule 12(b) permits Staples to assert these exact defenses by motion or in the responsive pleading.  The Court fails to see how identifying a defense as "affirmative," when in actuality it is not, makes that defense legally insufficient.  See Fed. R. Civ. P. 12(f). Consequently, the Court **DENIES** Kohler's motions to strike affirmative defenses eleven and twelve.

### I.     *Thirteenth and Seventeenth Affirmative Defenses - Access not Intentionally Impeded, Good Faith*

In its thirteenth and seventeenth affirmative defenses, Staples argues that it "did not intentionally impede or impair access or service to plaintiff" and it made good faith efforts to render its facility accessible. (*Answer* 15, 16.)  Kohler contends that intent is irrelevant to ADA claims, so this defense is legally insufficient. (*Pl.'s Mot.* 12.) Staples made no specific rebuttal to Kohler's argument.  (*See Answer.*)

A plaintiff bringing a claim under the ADA need not show "intentional discrimination . . . to establish a violation of the ADA's access requirements." Munson v. Del Taco, Inc., 208 P.3d 623, 628 (Cal. 2009);  Lentini v. California Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004).  Furthermore, a plaintiff alleging an Unruh Act violation premised on an ADA violation need not show intentional discrimination.  Lentini, 370 F.3d at 847.  Consequently, the Court **STRIKES** Staples' thirteenth and seventeenth affirmative defenses **WITHOUT LEAVE TO AMEND**.

*J.     Fourteenth Affirmative Defense - Insufficient Notice*

In its fourteenth affirmative defense, Staples argues that Kohler did not give it sufficient notice of the need for equal accommodations or the opportunity to provide equal accommodations.  (*Answer* 15.)  Kohler disagrees, citing a Ninth Circuit holding that "[a] plaintiff in a private Title III action is not required to provide notice to any state or local agency as a prerequisite to filing suit."  (*Pl.'s Mot.* 13, (quoting Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir. 2000)).)  To be clear, Staples claims it was not personally notified prior to the lawsuit, but Kohler's motion addresses the lack of a requirement to notify a government agency prior to filing a private ADA claim.  (*See Answer* 15; *Pl.'s Mot.* 13.)  However, the Ninth Circuit held that it will not recognize a "pre-filing notice requirement" in ADA cases until Congress chooses to amend the ADA to add such a requirement.  Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 844 (9th Cir. 2007).  Because there is no pre-filing notice requirement in private ADA lawsuits, the Court **STRIKES** Staples' fourteenth affirmative defense **WITHOUT LEAVE TO AMEND**.

*K.     Fifteenth Affirmative Defense - Liability under both the Unruh Act and the Public Accommodations Act*

In its fifteenth affirmative defense, Staples argues that it cannot be held liable for damages under both the Unruh Act and the "Public Accommodations Act." (*Answer* 15.)  Plaintiff does not mention the "Public Accommodations Act" in his Complaint. (*See Compl.*)   Staples' assertion provides inadequate notice to Kohler because Staples simply provides no further explanation of its grounds for this defense nor offers insight into its relevance.  Accordingly, the Court **STRIKES** Staples' fifteenth affirmative defense **WITH LEAVE TO AMEND.**

### L. *Sixteenth Defense - Defendant Began to Remedy Any Deficiencies Prior to Lawsuit's Filing*

In its sixteenth affirmative defense, Staples argues that Kohler is not entitled to collect attorney's fees because Staples was already "taking measures to remedy the sought after relief prior to the lawsuit." (*Answer* 15-16). Kohler argues that Staples seems to be rebutting a "catalyst theory of recovery." (*Pl.'s Mot.* 14.) It is not clear that Staples is addressing the catalyst theory of recovery. Staples fails to mention the legal or factual grounds for this defense and thus the Court holds that this defense does not provide fair notice to Kohler. Consequently, the Court **STRIKES** Staples' sixteenth affirmative defense **WITH LEAVE TO AMEND**.

### M. *Nineteenth Separate Defense - Facility Specifications Approved by Government Officials*

In its nineteenth affirmative defense, Staples argues that its conduct was privileged because government officials approved the facility's compliance with ADA standards. (*Answer* 16.) Kohler contends that Staples' is erroneously relying on local government officials though the ADA preempts local regulations. (*Pl.'s Mot.* 15). The Court finds that Staples' statement provides fair notice of its affirmative defense. While not explicitly identifying the authorities or documents relied on, Staples nevertheless provides sufficient direction for Kohler to investigate the defense in discovery. If Staples is relying on local authorities, this affirmative defense is still applicable to Kohler's state-law causes of action. There may be instances where a facility is not compliant with the California Disabled Persons Act but still compliant with ADA, because the Disabled Persons Act may demand higher standards than the ADA. See Cal. Civ. Code § 54.1(a)(3) ("[I]f the laws of this state prescribe higher standards, it shall mean access that meets those higher standards."). Accordingly, the Court **DENIES** Kohler's motion to strike.

### N. Twentieth Affirmative Defense - Premises Within Industry Standards

In its twentieth affirmative defense, Staples argues that the "construction of the premises is within industry standard dimensions." (*Answer* 16.) Kohler asserts that "allusions to 'industry standards' are not a defense to an ADA claim" and cites authority regarding the dimensional-tolerances defense. (*Pl.'s Mot.* 17.) There is a split of authority in the Ninth Circuit about the technical nature of the dimensional-tolerances defense. Compare Indep. Living Res. v. Or. Arena Corp., 1 F.Supp 2d 1124, 1135 (D. Or. 1998), with Cherry v. City Coll. of San Francisco, 2006 WL 6602454, at *6 (N.D. Cal. 2006). Until this disparity in the law is resolved, the Court finds that Staples is entitled to state its defense in its answer. Moreover, Staples' present statement of its twentieth defense provides fair notice to Kohler. Kohler clearly understands what the defense entails, and Staples' statement of its defense is effectively just a response to Kohler's complaint. (*See Pl.'s Mot.* 16-17). Therefore, the Court **DENIES** Kohler's motion to strike Staples' twentieth affirmative defense.

### O. Reservation of Right to Assert Additional Defenses

In addition to Staples' twenty affirmative defenses, Staples also seeks to reserve the right to assert other affirmative defenses should the need arise during discovery. (*Answer* 16.) Kohler argues that this is inappropriate under the Federal Rules. (*Pl.'s Mot.* 17.) The Court agrees. The mere "'reservation of affirmative defenses' is not an affirmative defense." E.E.O.C. v. Timeless Investments, Inc., 734 F.Supp. 2d 1035, 1055 (E.D. Cal. 2010). Defendants may assert additional affirmative defenses later by amending their pleadings in compliance with Rule 15. *See* Fed. R. Civ. P. 15; U.S. v. Global Mortg. Funding, Inc., 2008 WL 5264986 at *5 (C.D. Cal. 2008) *(*"[I]f a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15."); Timeless

1 Investments, Inc., 734 F.Supp. 2d at 1055 ("Rule 15 does not require a defendant to "expressly reserve" unnamed affirmative defenses in its answer."). In short, Staples "is either entitled to raise additional defenses at a later time or he is not; his right to reserve his rights to do so is a legal nullity." Global Mortg. Funding, Inc., 2008 WL 5264986 at *5. Accordingly, the Court **STRIKES** Staples' reservation of rights to assert additional defenses **WITHOUT LEAVE TO AMEND**.

### IV. Conclusion

For the previously stated reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's motion to strike [Doc. 69] and **ORDERS** as follows:

1. The Court **STRIKES** Staples' fourth, thirteenth, fourteenth, seventeenth, and eighteenth affirmative defenses, as well as Staples's reservation of future affirmative defenses **WITHOUT LEAVE TO AMEND**.
2. The Court **STRIKES** Staples' first, second, third, fifth, sixth, seventh, eighth, ninth, fifteenth, and sixteenth affirmative defenses **WITH LEAVE TO AMEND**.
3. The Court **DENIES** the motion as to Staples' eleventh, twelfth, nineteenth, and twentieth affirmative defenses.
4. Staples must file its amended answer, if any, on or before **February 26, 2013**.

IT IS SO ORDERED.

DATED: February 12, 2013

_____
Hon. Thomas J. Whelan
United States District Judge